UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LEGACY PROBATE INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING EX PARTE MOTION FOR EXPEDITED DISCOVERY (DOC. NO. 8)**<br><br>Case No. 2:26-cv-00102<br><br>Magistrate Judge Daphne A. Oberg |

Legacy Probate International, Inc. (LPI) moves for leave to serve third-party subpoenas before the Rule 26(f) conference in order to identify the John Doe defendants in this case.[1] LPI is suing the unidentified defendants for trademark infringement and related claims, alleging they used LPI's marks on letters and emails to consumers to induce them into divulging confidential personal information—under the mistaken perception they are responding to LPI (a company offering genealogical services).[2]

To date, LPI has been unable to identify the defendants.[3] LPI learned the defendants sent correspondence using services connected to two nonparties—

---

[1] (Ex Parte Mot. for Expedited Disc. (Mot.), Doc. No. 8.)

[2] (*See* Compl. ¶¶ 22–26, Doc. No. 1.)

[3] (*Id.* ¶¶ 27–28.)

DocuSend and Dynu Systems Incorporated—but LPI has been unable to obtain the defendants' information from these nonparties.[4]  Accordingly, LPI seeks leave to serve third-party subpoenas on these nonparties to learn the defendants' identities, including their names, addresses, telephone numbers, email addresses, citizenship, and any other identifying information that might allow LPI to identify and properly serve them.[5]

Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[6]  "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[7] Courts have found good cause to permit expedited discovery where it is necessary to identify John Doe defendants.[8]

---

[4] (Decl. of Catherine Sinitsa in Supp. of Mot. (Sinitsa Decl.) ¶¶ 3–11, Doc. No. 9.)

[5] (Mot. 8, Doc. No. 8.)

[6] Fed. R. Civ. P. 26(d)(1).

[7] *Vient v. Ancestry*, No. 2:19-cv-00051, 2019 U.S. Dist. LEXIS 237828, at *2 (D. Utah Mar. 4, 2019) (unpublished) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

[8] *See, e.g.*, *Volkswagen Grp. of Am., v. Doe*, No. 2:22-cv-00438, 2022 U.S. Dist. LEXIS 124268, at *1 (D. Utah July 12, 2022) (unpublished) (finding good cause for expedited discovery in order to identify and serve the defendant alleged to be unlawfully operating impersonating website but domain name registrar would not release identity or contact information); *Liberty Media Holdings v. Colo. Members of Swarm*, No. 11-cv-01170, 2011 U.S. Dist. LEXIS 53307, at *3 (D. Colo. May 12, 2011) (unpublished) (finding good cause to permit expedited discovery because the defendants "engaged in anonymous online behavior, which w[ould] likely remain anonymous unless Plaintiff [wa]s able to ascertain their identities").

LPI has shown good cause for expedited discovery.  LPI alleges the defendants sent fraudulent correspondence.  And LPI represents that DocuSend and Dynu Systems Incorporated have information about the source of this correspondence.  Where LPI has been unable to obtain this information without subpoenas to these nonparties,[9] LPI has shown this discovery is necessary to identify and serve the John Doe defendants.

For these reasons, LPI's motion[10] for leave to issue third-party subpoenas is granted.  LPI may serve subpoenas on DocuSend and Dynu Systems Incorporated to learn the identities and capacities of the defendants, including their personal names, business names, physical addresses, billing addresses, telephone numbers, email addresses, citizenship, and any other identifying information that might allow LPI to identify and properly serve the defendants with an amended complaint that states the defendants' true identities and capacities.

DATED this 23rd day of March, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[9] (Sinitsa Decl. ¶ 4, Doc. No. 9 (explaining DocuSend "unable to disclose sender information" regarding fraudulent letter "without proper legal authorization"); *id.* ¶¶ 5–11 (detailing substantial but unsuccessful efforts to identify the defendants from a fraudulent email address for which Dany Systems Incorporated is the domain registrar).)

[10] (Doc. No. 8.)